BRYAN SCHRODER
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 Twelfth Avenue, #310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Stephen.Cooper@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. 4:07-cr-00029-RRB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| RAMSEY KIM RASAVONG, | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, the United States of America, and opposes defendant's motion for early termination of supervised release filed at docket 91 (June 27, 2018). The defendant alleges he has completed approximately twenty-nine (29) months of his five-year

period of supervised release, since his release from prison on January 22, 2016. Dkt. 91 at 2. As of the present time, he will have completed one-half of the total five-year term.

Defendant contends that early termination is appropriate for a number of reasons including his having completed the 500-hour RDAP drug abuse program while in prison, and his present steady employment at a Thai restaurant owned by his fiancée. Dkt. 91 at 10-12.

The United States is advised by defendant's probation officer that he is doing well on supervision, has maintained employment, returned to his family unit, been allowed to travel internationally, and has submitted negative drug tests during his term of supervised release. The officer advises further that there have been no incidents of concern, and that defendant appears to have met the goals the Court set for him.

For present purposes, the United States assumes defendant's factual allegations and the probation officer's statements are correct.

Defendant relies also on 18 U.S.C. § 3583(e)(1), which permits a district court, after considering specified factors in 18 U.S.C. § 3553(a), to terminate supervised release "at any time after the expiration of one

U.S. v. Rasavong
4:07-cr-29-RRB                                2 of 6
Case 4:07-cr-00029-RRB   Document 95   Filed 07/25/18   Page 2 of 6

year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The statute thus sets a floor of one year, below which early termination is impliedly not authorized.  After one year, termination is authorized within the stated limits, but is not established as a right.  Nor does this statute create a policy or constitute any kind of endorsement of early termination after one year.  In fact, pronouncements by the United States Sentencing Commission counsel in cases such as the present one that defendants be required to complete considerably more than the mere one-half of a supervised release term which defendant here has completed.

Generally, the United States believes early termination is not appropriate before defendants have successfully completed two-thirds of their supervised release time.  This policy applies with greater than ordinary force to this defendant's case.  The reason is that, notwithstanding completion of the drug-abuse program in prison and good performance on supervised release thus far, the dangers of recidivism must be taken into account.  Defendant's motion does not address this factor.

U.S. v. Rasavong
4:07-cr-29-RRB                                3 of 6
Case 4:07-cr-00029-RRB   Document 95   Filed 07/25/18   Page 3 of 6

The United States Sentencing Commission recently noted: "Offenders in CHC [Criminal History Category] III (which includes the defendant herein) had re-arrest rates of 59.4 percent for offenders with four criminal history points, increasing to 66.8 percent for offenders with six criminal history points." *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders,* United States Sentencing Commission, March 2017, p. 8; a true copy of this study is attached hereto as Exhibit A. Defendant Rasavong was in Criminal History Category III, based on five criminal history points when sentenced. PSR, dkt. 52-2 at 10, ¶ 53 (September 15, 2008). This places him statistically between 59.4 and 66.8 percent, for approximately a 63.1 percent chance of re-arrest.

Keeping individuals with this level of criminal history on supervised release for two-thirds of their term makes much more sense from a public safety perspective. Defendant has only recently completed about 8+ years in federal prison. It seemed advisable to this Court upon sentencing him to order five years of supervised release to follow his imprisonment – based on a criminal record and offense level that put him in a far higher imprisonment range – i.e., 168 to 210

U.S. v. Rasavong
4:07-cr-29-RRB                                4 of 6
Case 4:07-cr-00029-RRB   Document 95   Filed 07/25/18   Page 4 of 6

months – than the 126-month term actually imposed upon him. Given these troubling aspects of defendant's present situation and the statistical 63% likelihood of his re-arrest, this is not a case for departing from the policy of requiring completion of at least two-thirds of the five-year supervised release term imposed.

The motion presents neither the need nor the justification for terminating supervised release at this early stage. At this point a more adequate opportunity is needed for the Court to evaluate reliably whether defendant has actually completed the transition from 8+ years under the restraints of federal imprisonment into a fully law-abiding way of life, including internalization of the community standards he consistently violated for so long. The continued existence of supervised release may itself induce a defendant to avoid violations of conditions. This seems more likely in the early part of any term of supervision, than it would be later in the progress of the term. Continuing supervision longer will tend to increase the accuracy of the forecast the court must make as to the defendant's future behavior. Further, continuing supervision in this case does not appear likely to result in any significant burden to defendant.

U.S. v. Rasavong
4:07-cr-29-RRB                              5 of 6
Case 4:07-cr-00029-RRB   Document 95   Filed 07/25/18   Page 5 of 6

Thus, if this Court takes more time to gain a clear basis for trusting defendant with complete freedom, the likely result would be a substantial benefit to defendant, as well as to the community at large.

WHEREFORE, the United States respectfully requests that the Court deny defendant's motion for early termination of supervised release at this time, without prejudice to renewing the motion after defendant has successfully completed at least 40 months – i.e., two-thirds – of his supervised release.

RESPECTFULLY SUBMITTED this <u>25th</u> day of July, 2018, at Fairbanks, Alaska.

BRYAN SCHRODER<br>
United States Attorney<br>
<br>
<u>s/ Stephen Cooper</u><br>
STEPHEN COOPER<br>
Assistant United States Attorney<br>
The United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on July 25, 2018, I served a true copy of the foregoing and attached exhibit by deposit in the U. S. Mail, postage paid, addressed to defendant:

Ramsey K. Rasavong
1632 Madison Drive
Fairbanks, Alaska 99709

<u>s/ Stephen Cooper</u>
Office of the U.S. Attorney

U.S. v. Rasavong
4:07-cr-29-RRB                6 of 6
Case 4:07-cr-00029-RRB   Document 95   Filed 07/25/18   Page 6 of 6